UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DARSHAN DAVE,<br><br>            Plaintiffs,<br><br>v.<br><br>IBRAHIM SAFA, a South Carolina individual,<br><br>            Defendant. | Case no. 20AV99999<br><br>**JURY DEMAND** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

This case addresses a real estate agent cold calling a consumer without consent violating the Telephone Consumer Protection Act ("TCPA"). Plaintiff Darshan Dave ("Plaintiff Dave" or "Dave") brings this Complaint and Demand for Jury Trial against Defendant Ibrahim Safa ("Defendant Abe Safa" or "Safa). Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1.  Plaintiff Darshan Dave is a resident of Longs, South Carolina.

2.  Defendant Abe Safa is a real estate agent. Safa is a South Carolina resident who resides in Myrtle Beach, South Carolina. Defendant Safa conducts business throughout this District.

### JURISDICTION AND VENUE

3.  This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.  This Court has personal jurisdiction over the Defendant since the Defendant is located in this District. Venue is proper in this District because the Plaintiff resides in this

District and because the wrongful conduct giving rise to this case was directed from and to this District.

## Allegations

5. Defendant Abe Safa is a realtor in South Carolina.

6. Defendant Abe Safa placed multiple calls to the Plaintiff in this case including placing a pre-recorded call to the Plaintiff despite the Plaintiff never having given Safa his phone number and already having his phone number registered on the national Do Not Call list.

## TCPA Legality of Pre-Recorded and Autodialed Calls

7. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

8. Yet in violation of this rule, Defendant failed to obtain any express written consent prior to placing autodialed and prerecorded calls to Plaintiff's cellular telephone number.

## PLAINTIFF DAVE'S ALLEGATIONS

9. Plaintiff Dave registered his cell phone number with the DNC on May 3, 2007.

10. Plaintiff's cell phone is used for personal use only and is not associated with a business.

11. In or around September of 2018, Plaintiff began receiving autodialed calls or pre-recorded calls from Safa asking if he was interested in selling his home.

12. Every two to three months after September 2018, Plaintiff received regular phone calls from Safa to check in and see if Plaintiff wanted to sell his home. Plaintiff Dave made it

2

clear that he was not looking to move and was not interested in selling his home. Plaintiff also specifically asked for the calls to stop by the beginning of 2019.

13.     On January 28, 2020 at 4:08 PM, Plaintiff received a pre-recorded voicemail from Safa using phone number 843-903-3550 stating:

> "Hello this is Abe with Century 21 Harrelson Group here in Myrtle Beach. Hope you're doing well. I'm calling you real quick about your home at Wakefield and the reason I'm calling is we sold a couple in there recently and right now we're getting some really good buyer leads and there's not a single home on the market for sale in there. So I know when this happens in other communities we typically get a good price for the seller because of a lack of options for the buyers. Anyway, I wanted to check in with you real quick, see what your real estate plans are, if you're thinking of selling at all and maybe answer any questions you might have. Give me a call at 843-360-2145. Again that's Abe 843-360-2145. Thank you."

14.     Plaintiff does not have a prior business relationship with Defendant and never consented to calls from him. Simply put, Defendant did not obtain Plaintiff's prior express written consent to place any solicitation telephone calls to him using a prerecorded call or through autodialed phone calls.

15.     The unauthorized telephone calls from Defendant harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Dave's use and enjoyment of his cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

16.     Seeking redress for these injuries, Dave brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited pre-recorded calls

3

and autodialed phone calls to cellular phone numbers, including to phone numbers registered on the DNC.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**

17. Plaintiff Dave repeats and realleges paragraphs 1 through 16 of this Complaint and incorporates them by reference.

18. Defendant transmitted unwanted solicitation telephone calls to Plaintiff Dave using a prerecorded voice message.

19. These prerecorded voice messages were made without the Plaintiff's prior written express consent.

20. Defendant therefore violated 47 U.S.C. §§ 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Dave is entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**

21. Plaintiff repeats and realleges paragraphs 1 through 16 of this Complaint and incorporates them by reference herein.

22. Defendant placed unwanted solicitation phone calls to Plaintiff using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. These solicitation telephone calls were made without the consent of the Plaintiff.

24. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff is entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## THIRD CAUSE OF ACTION
### Telephone Consumer Protection Act
**(Violation of 47 U.S.C. § 227)**

25.  Plaintiff repeats and realleges the paragraphs 1 through 16 of this Complaint and incorporates them by reference herein.

26.  The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

27.  47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

28.  Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

29.  Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to a telephone subscriber who registered his telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

30.  Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call in a 12-month period by the Defendant of 47 C.F.R. § 64.1200, as described

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

above. As a result of Defendant's conduct as alleged herein, Plaintiff suffered actual damages and is entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**FOURTH CAUSE OF ACTION**
**South Carolina Telephone Privacy Protection Act**
**(Violation S.C. Code § 37-21-70)**

31.     Plaintiff repeats and realleges paragraphs 1 through 16 of this Complaint and incorporates them by reference herein.

32.     Defendant made unwanted solicitation telephone calls to the Plaintiff without his consent.

33.     Defendant has, therefore, violated S.C. Code § 37-21-70. As a result of Defendant's conduct, Plaintiff is entitled to a minimum of $1,000 in damages, and up to $5,000 in damages, for each violation and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Dave, prays for the following relief:

a.  An award of actual and/or statutory damages and costs;

b.  An order declaring that Defendant's actions, as set out above, violate the TCPA;

c.  Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

                                       Respectfully Submitted,

                                       **DARSHAN DAVE**, individually and on behalf of those similarly situated individuals

Dated: February 25, 2020     */s/ V. Elizabeth Wright*
                                                                 V. Elizabeth Wright (Federal ID No. 10699)
                                                                  V. Elizabeth Wright Law Firm, LLC
                                                                  217 E. Park Avenue
                                                                  Greenville, SC 29601

Telephone: (864) 325-5281
bethwrightattorney@gmail.com

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice*

7